IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JAMES B. SWEERIS,**

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:20-CV-63
                                                        (GROH)

**CARRINGTON MORTGAGE
SERVICES, LLC and DOES 1 TO 50,**

        Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Plaintiff James B. Sweeris's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiffs' motion to proceed *in forma pauperis* be denied as moot.

### II.    THE COMPLAINT

Other than the stated amount in controversy, this complaint is identical to the four previous complaints filed by the Plaintiff.[2] The subject of Plaintiff's complaint is a piece of

---

[1] This motion was referred to the undersigned by order dated April 15, 2020. Order of Referral, ECF No. 5.

[2] The previous case numbers are 3:18-CV-89, 3:19-CV-46, 3:19-CV-80, and 3:19-CV-174.

land located at 42 Mopar Avenue, Harpers Ferry, West Virginia 25425 ("42 Mopar Avenue"). See generally ECF No. 1. Plaintiff alleges that there is a "cloud on all title activity" regarding 42 Mopar Avenue because a mortgage note and a deed of trust have taken "divergent paths." Id. at 4–5. Plaintiff alleges that this divergence of paths occurred as a result of the mortgage crisis circa 2010. Id. at 4. Plaintiff alleges that "Defendants' have no legal right, title, or interest in real property which is the subject matter of this action . . . ." Id. at 5.

Plaintiff further alleges that Defendant violated his due process and constitutional rights by following improper mortgage company procedures. Id. Plaintiff claims that Defendant improperly serviced the mortgage note and/or deed of trust through an independent broker/realtor and followed improper noticing procedures. Id. Plaintiff also alleges fraud, negligence, and misrepresentation on account of Defendant's "multiple violations of ignoring proper loan procedures." Id.

In his prayer for relief, Plaintiff states that Defendant has no legal right, title, or interest in 42 Mopar Avenue. Id. Plaintiff also seeks monetary and punitive damages in the amount of $150,000. Id.

### IIII.    LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that

indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton

v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard

and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets for a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff claims this Court has diversity jurisdiction under § 1332. ECF No. 1 at 3. Based on the information in the complaint, Plaintiff is a citizen of West Virginia, and Defendant has its principal place of business in California, so complete diversity exists.[3] Id. at 3-4. In addition, Plaintiff has alleged $150,000 in damages, which exceeds the

---

[3] The undersigned notes that Plaintiff lists as defendants "DOES 1 TO 50" in the heading of his complaint. ECF No. 1, at 1. However, Plaintiff does not list DOES 1 TO 50 as defendants anywhere else in the complaint. Id. at 2–4. The only defendant Plaintiff lists specifically in the complaint is Carrington Mortgage Services, LLC. Id. Indeed, where Plaintiff was required to name individual defendants, Plaintiff wrote "N/A," disclaiming that there are any individual defendants to the action. Id. at 3.

amount-in-controversy requirement of $75,000. See id. at 4; 28 U.S.C. § 1332. Because complete diversity exists and the amount in controversy exceeds $75,000, the undersigned concludes that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### B. Failure to State a Claim

Even liberally construed, Plaintiff's complaint is generally incomprehensible and leaves both this Court, and the would-be Defendant in this case, largely guessing as to what Plaintiff's claim is and the grounds upon which it rests. While Plaintiff's claim clearly involves 42 Mopar Avenue, Plaintiff provides no allegation regarding what interest he himself has in that property. Plaintiff provides no allegation regarding what Defendant is claiming with regard to its rights in 42 Mopar Avenue. All Plaintiff alleges is that his and Defendant's claims with respect to 42 Mopar Avenue are "adverse." ECF No. 1 at 5.

Plaintiff alleges that there is a mortgage note, which has no definitive claimant, and a deed of trust. Id. Presumably, this mortgage note and deed of trust relate to 42 Mopar Avenue, although that is not clear from the complaint. It is impossible to determine from the complaint how Plaintiff and Defendant are alleged to be related to the mortgage note and/or deed of trust. Plaintiff alleges that the mortgage note and deed of trust have taken "divergent paths" resulting in a "cloud on all title activity" related to 42 Mopar Avenue. However, it is impossible to determine what Plaintiff means by "divergent paths" or what the nature of his claim is based upon such an allegation.

Indicative of this dilemma is the fact that Plaintiff states in his civil cover sheet that the nature of this suit is "Foreclosure," ECF No. 1-2 at 1, but alleges fraud, negligence, misrepresentation, due process and other constitutional violations in the body of his complaint. ECF No. 1 at 5. In addition to these allegations being merely conclusory and

providing no factual allegations to support a claim, see Twombly, 550 U.S. at 555, they further confuse the very nature of Plaintiff's claim.

In sum, Plaintiff's complaint fails to clearly identify any cause of action against Defendant. This is sufficient grounds to dismiss Plaintiff's complaint for failure to state a claim. See Stanion v. Discover Bank, No. 1:16CV186, 2016 WL 4082668, at *3 (M.D.N.C. July 29, 2016) (Rule 12(b)(6) dismissal proper when "[t]he Court is left to guess which claims are being asserted because Plaintiff failed to clearly identify any cause of action against [Defendant]."); Barnes v. Greensboro Living Center, No. 1:11CV1120, 2012 WL 2344623, at *2 (M.D.N.C. June 20, 2012) (finding dismissal was warranted when "the [c]omplaint fail[ed] to clearly identify any discrete cause of action").

## V.   RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff, James B. Sweeris, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 16th day of April, 2020.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE